CHILES
vs.
SMITH'S HEIRS.

---

CHANCERY.

Case 28.

January 6.

## Chiles *vs.* Smith's heirs.

ERROR TO BOURBON CIRCUIT.

Judge SIMPSON delivered the opinion of the court.

1. The rule is, that the computation of time is to be made from an act done, the day on which the act was done must be in-

*cluded;* but when the computation is to be from the day itself, and not from the *act done,* then the day on which the act was done must be *excluded.* (*Bellaris* v. *Hester,* 1 *Lord Raymond.*)

2. In computing the time which will bar a writ of error to this court from a judgment or decree, the day on which the decree was rendered is to be reckoned as the first day of the three years, and the three years expire with the day next preceding the same day of the month on which the act was done three years thereafter. The statute limiting the time being "in three years next after," &c. This case overrules case of *Smith* v. *Cassity,* 9 *B. Monroe,* 192.

The final decree in this case was rendered on the 18th day of October, 1848, and the writ of error was sued out on the 18th day of October, 1851. The defendants have pleaded the statute of limitations, which provides that no writ of error shall be sued out " except in three years next after the judgment or " final decree, and not thereafter." (2 *Stat. Law,* 1146.) *Case stated.*

If the day in which the decree was rendered is to be included in the computation of the time, then the three years had expired on the 17th of October, 1851, and the bar was complete when the writ of error was sued out.

The rule in regard to the computation of time seems to be, that when the computation is to be made from an act done, the day in which the act was done must be included, because, since there is no fraction in a day, the act relates to the first moment of the day in which it was done. But when the computation is to be from the *day* itself, and not from the *act done,* there the day in which the act was done must be excluded. (*Bellaris* v. *Hester,* 1 *Lord Raymond, and the authorities cited.*)

1. The rule is, that the computation of time is to be made from an act done, the day on which the act was done must be *included;* but when the computation is to be from the day itself, and not from the *act done,* then the day on which the act was done must be *excluded.* (*Bellaris* v. *Hester,* 1 *Lord Raymond.*)

Hence, in the case of *The King* v. *Adderly,* 2 *Douglass,* 463, which was a proceeding against a sheriff for failing to return a writ that had been placed in his hands, and which proceeding was not allowed by the statute, unless it was commenced against the sheriff within six months after the expiration of his office, it was decided that the day upon which the office expired was to be reckoned in, to make up the six

CHILES
vs.
SMITH'S HEIRS.

months, and that the proceeding had been commenced one day too late.

The court in that case referred to the case of *Norris* v. *The Hundred of Gantris*, reported in 1 *Brownlow*, 156, which was an action on the statute of *hue and cry*. The robbery was laid and proved to have been on the 9th day of October, in the thirteenth year of James I, and the writ was tested on the 9th day of October in the following year, and the words of the statute of Elizabeth being, "that no person shall take any benefit, &c., except he or they so robbed shall commence his or their suit or action within one year next after such robbery," &c., it was held, that the day when the robbery was committed was to be included in the year, and that the action was brought too late.

Upon the same principle it was decided by this court in the case of *Woods* v. *Patrick and wife, Har.* 457, that in calculating the thirty days, which were required by the statute to intervene between the lodging of the order and the commencement of the next term, to entitle the party to a change of venue, the day of depositing the order should be included. So where process is required to be served a certain number of days before the term, the day on which the process was executed is reckoned as one of the days in the computation of the time.

2. In computing the time which will bar a writ of error to this court from a judgment or decree, the day on which the decree was rendered is to be reckoned as the first day of the three years, and the three years expire with the day next preceding the same day of the month on

The same principle governs all these cases; the day on which the act was done, having in each of them been included in the computation of the time, inasmuch as it was from the *act done* that the computation had to be made. So in this case the language of the statute being, "that no writ of error shall be sued out, except in three years next after the judgment or final decree," the day upon which the decree (being the act done,) was rendered, must be included, and regarded as the first day of the three years, and, consequently, the limitation had expired on the day preceding the one on which the writ of error was sued out. If the language of the statute had been, that

no writ of error should be sued out except in three years next after the *day* on which the judgment or decree was rendered, then, as the computation would have been made from the *day* itself, and not from the *act done*, the day on which the decree was rendered would have been excluded.

A case might occur where a writ of error could be prosecuted on the day a judgment was recovered. If the party could obtain a transcript of the record, and the term had ended, on the day the judgment was recovered, he might sue out his writ of error on the same day, and if that day should not be regarded as constituting a part of the time limited, the consequence would be, that instead of three years, he would be allowed three years and one day in which he could prosecute a writ of error.

In the case of *Smith* v. *Cassity*, 9 *B. Monroe*, 192, it was decided, that the day on which the decree was rendered ought to be excluded upon the principle, which was regarded as universal in its application, that in the computation of time, one day should be excluded, and one included, and it was taken for granted that the first day, being the day in which the decree was rendered, should be excluded. The question was, however, decided in that case without much consideration, and without any examination of the authorities upon the subject, and we are satisfied upon further consideration, and a reference to the authorities, that the decision was incorrect in the application of the principle therein referred to, whereby the day on which the decree was rendered was excluded instead of having been included in the computation of the time in which the writ of error could be prosecuted.

The limitation in this case was complete when the writ was sued out, and the plea must be sustained.

Wherefore the writ of error is barred.

*Chiles*, for plaintiff; *Davis*, for defendant.