*L. W. Gates, W. P. D. Bush, for appellant.*

[Cited, *Furnish's Adm'r v. Lilly*, 27 Ky. L. 226, 84 S. W. 734.]

---

SAM RENAN *v.* COMMONWEALTH.

JAMES HARGROVE *v.* COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 2—66.]

**Criminal Law—Perjury.**

Where it is not made to appear that the alleged false testimony was material the crime of perjury is not made out.

**Materiality of Perjured Testimony.**

Whether certain testimony is material, when one is charged with perjury in swearing to it, is a question of law and ought to be decided by the court. In such a case it is for the jury to decide what the testimony of the defendant was and whether it was wilfully and corruptly false; but the court should decide whether it was material.

APPEALS FROM HICKMAN CIRCUIT COURT.

December 18, 1880.

OPINION BY JUDGE COFER:

It does not seem to us that the testimony of the appellants is shown by the record to have been material. The action of Brock v. Avery was on this account:

"William Avery,
　　　To P. C. Brock, Dr.

To transporting two persons, in May, across the river from Columbus to the Missouri shore, $16.00 . . . . . . . . . . . .$32.00"

The alleged false testimony of the appellants on the trial of that case was, in substance, that Avery transported two or three persons across the river and received pay for it. Just how this could be material the record does not show. The account upon its face imports that Brock had transported two persons across the river, and that Avery was indebted to him for it. The record furnishes no explanation as to how Avery could become debtor to Brock on account that Avery had transported persons across the river.

Evidence in such a case that the defendant had in his own skiff carried persons across the river did not tend, as far as we can discover in this record, to prove or to disprove Brock's claim in that suit. It is probable that Brock is the owner of an established ferry across the river, and that the action was based on Sec. 19, Chap. 42, General Statutes, giving to the owner of a ferry an action against any one who shall, for reward, transport any person across a water course within one mile of an established ferry. But this does not appear in the record, and, without it, it does not appear that the alleged false testimony was material; and unless it was material, of course the crime of perjury was not made out.

The evidence conduced to prove that the appellants gave the testimony alleged in the indictments against them respectively; but the court seems to have excluded from the jury in the case against Hargrove all the evidence except so much thereof as proved the oath as to his following Avery across the river, and testimony conducing to prove the falsity of that statement.

If the testimony of Renan was material, then the testimony of Hargrove as to his following Avery was material because it tended to corroborate the testimony of Renan in the statement that they followed Avery across the river. But the court should not have left it to the jury to say whether the action was within the jurisdiction of the justice, or whether the testimony of the appellants was material. These are questions of law and ought to have been decided by the court. It is for the jury to decide what the testimony of the appellants was, and whether it was wilfully and corruptly false; but the court should decide whether it was material. This opinion applies to both cases.

Judgment *reversed* and cause remanded for new trials.

*Bullock & Bullock, for appellants. P. W. Hardin, for appellee.*