Owen v. Howard Insurance Company.

———

CASE 87—PETITION ORDINARY—DECEMBER 4.

## Owen v. Howard Insurance Company.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

INSURANCE—LIMITATION—SUNDAY.—A policy of fire insurance provided that no action could be maintained on the policy unless brought within twelve months after the loss. The insured property was burned March 16, 1884. Suit was instituted on the policy March 16, 1885, which was Monday. *Held*—That as the last day of the twelve

87 571
e110 67
j110 78

87 571
e119 276
c119 277

87 571
e124 22

Owen v. Howard Insurance Company.

months fell on Sunday, the insured, under a fair and equitable construction of the contract, was entitled to sue on the day following.

BULLITT & SHIELD AND TURNER & CUNNINGHAM FOR APPELLANT.

1. The court will take judicial notice of the course of the calendar, and, therefore, that the fifteenth day of March, 1885, was Sunday. (1 Greenleaf's Evidence, sec. 5; 1 Wharton's Evidence, sec. 282; Minor's Institutes, vol. 4, part 2, p. 998.)
2. If the last day for the performance of a contract falls on Sunday, the time for performance is extended to the next day—Monday. (Hammond v. Am. Mut. Life Ins. Co., 10 Gray, 201; Keits v. Temple, 48 Mo., 75; Barrett v. Allen, 10 Ohio, 426; Avery v. Stewart, 2 Count., 29; Edmonson v. Wragg, 104 Pa. St., 500; Chicago v. Vulcan Iron Works, 93 Ill., 292; Muir v. Galloway, 61 California, 498; Long v. Hughes, 1 Duvall, 387; Brown v. McKee's Rep., 1 J. J. M., 473; L. & N. R. R. Co. v. Turner, 81 Ky., 599; Salter v. Burt, 20 Wend., 205; Campbell v. International Life Ins. Co., 4 Bos., 317.)

AUGUSTUS E. WILLSON, BAKER, SMITH & BAKER FOR APPELLEE.

1. The contract of insurance provided that no action should be brought except within twelve months next after the occurrence of the fire causing the loss. An action brought on Monday, where the twelve months expired on the Sunday preceding, is barred. (Riddlesbargar v. Hart. Ins. Co., 7 Wall., 386; Woodbury Bank v. Insurance Co., 31 Conn., 517; Roach v. N. Y. & E. Ins. Co., 30 N. Y., 546; Mayor v. Hamilton, &c., Co., 39 N. Y., 45.)
2. When the computation of time is from the "act done," the day on which it is done must be included. (Moar v. Covington, 80 Ky., 306; Childs v. Smith, 13 B. M., 462; Geoghan v. Beeler, 8 Ky. Law Rep., 514; Batman v. McGowan, 1 Met., 543; Bush v. Com., 80 Ky., 251; White v. Crutcher, 1 Bush, 473; Wood v. Com., 11 Bush, 220; Handley v. Cunningham, 12 Bush, 403; Long v. Hughes, 1 Duvall, 387.)
3. In computing limitations, final Sundays must be counted. (Cooley v. Cook, 125 Mass., 406; Haley v. Young, 134 Mass., 365.)

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The tenth clause of the policy which the appellant claims was issued to him by the appellee, provides: "This company hereby limits its liability under this

Owen v. Howard Insurance Company.

policy, and it is hereby expressly provided that no suit or action against this company for the recovery of any claim by virtue of this policy, shall be sustainable in any court of law or chancery until an appraisal shall have been obtained, fixing the amount of such claim above provided, nor unless such suit or action shall be commenced within twelve months next after the fire shall have occurred; and should any suit or action be commenced against this company after the expiration of the aforesaid twelve months, the lapse of time shall be taken and deemed as conclusive evidence against the validity of any such claim, any statute of limitations to the contrary notwithstanding.''

On the sixteenth day of March, 1885, the appellant instituted this action in the Jefferson Court of Common Pleas, for the purpose of recovering the amount for which the appellee (as alleged) insured his store-house situated in Corydon, Henderson county, Kentucky, which house, it is alleged, was destroyed by fire on the sixteenth of March, 1884. The appellee, as one ground of defense, relied upon the contract limitation of one year, above set forth, as a bar to the appellant's right to maintain his action. The appellant demurred to this defense upon the ground, among others, that the last day of the year in which he was allowed to bring his suit was Sunday, which was not a secular day, and as he was allowed, by the terms of the contract, a whole year from the destruction of the store-house by fire in which to bring his suit, and as the last day of the year was Sunday, and as it was unlawful to bring his suit on that day, he was entitled to bring it on the day following—Monday. The demurrer was overruled, and the

appellant declining to reply, the allegations of this paragraph were taken as true, and the action was dismissed. If the ground of demurrer, above-mentioned, was well taken, it is needless to notice other grounds urged for sustaining the demurrer; which ground we will proceed to investigate.

It is to be kept in mind that the limitation of one year, relied on by the appellee, was the result of contract, and must be fairly and equitably construed in order to effectuate the intention of the parties to it. It is clear, therefore, that it was the intention that the appellant should have three hundred and sixty-five days, one year, in which to bring his suit, and that Sundays should be counted to make said number of days; but that the appellant should have, at least, three hundred and sixty-five days in which to make his proofs of loss, etc., and to bring his action for the recovery of the amount of the policy; that he should be as much entitled to the last day for the performance of these things as to the first day; that no laches should be imputable to him if he waited until the last of the three hundred and sixty-five days in which to bring his suit; that it was not contemplated that he should bring his suit on Sunday, because it was not lawful for him to do so; that he should not be deprived of any one of said days in which to bring his suit, and if the last of the three hundred and sixty-five days fell on Sunday, he should not be compelled, in order to sue at all, to bring his suit on Saturday, the day preceding, for that would deprive him of one of the three hundred and sixty-five days which he, by the contract, was entitled to,

in which to bring his suit; but as the courts were not open to him on the last day, he should have the following day in which to bring his suit.

At the time of making the contract, had it occurred to the minds of the parties that the last day for bringing the suit might be a Sunday, we can imagine a conversation concerning it as follows: The appellant said to the appellee: You are to allow me twelve months, or three hundred and sixty-five days, after the fire, in which to bring suit? Yes. This is my absolute right under the contract? Yes. Suppose the last day [is a Sunday; I can not bring a suit on that day; what then? Bring it on Saturday. No, by the terms of the contract you allow me three hundred and sixty-five days, and it is not fair that you should require me to lose one of these days by bringing the suit on Saturday. Why not fair? Because you, if the house should be destroyed by fire, will owe me the amount of the policy, and the debt will be as just and equitable on the last of the three hundred and sixty-five days as on the first day, and I am, by this contract, limiting my right to sue you to within said time; and it seems to me to be equitable and fair that I should have every minute of the agreed time; and if on the last day I am obstructed in my right to bring my suit, you, and not I, should lose the day. But the other Sundays in the year are to be counted, why not deduct them as well as the last one? Because they do not obstruct my right to sue; the last day, Sunday, by the terms of the contract, belongs to me; but I have no right to use it for the purpose of suing you; therefore, I am entitled to sue you on the following day. Also, if the

last day of the year should fall on Monday, or any other day of the week than Sunday, and it should turn out that the law denied me the right to sue you on that particular day, I would, according to the principles above-mentioned, have the right to sue you on the following day.

So it seems that the last day in which the appellant had the right to sue being Sunday, a fair and equitable construction of the contract would entitle him to sue on the day following.

The following cases illustrate the foregoing views: Hammond v. American Mutual Insurance Company, 10 Gray, 307. The insured in that case contracted to pay his premium quarterly, and not later than noon of the quarter day, and a failure to do so forfeited his policy; one of the quarter days came on Sunday, and the insured died in the afternoon of that day. It was held that as it was unlawful to transact business on Sunday, a tender of the premium on the day following was a compliance with the contract.

In Edmonson v. Wragg, 104 Pennsylvania, 501, where the right to recover usury paid was limited to six months after the payment of the usury, it was held that the last day of the six months being Sunday, the party had the right to bring his suit on the following day.

In Sands and Wife v. Lyon, 18 Conn., 28-9, where a testator devised to his son a tract of land upon condition that he paid, within a year after the testator's death, certain legacies, and the last day of the year being Sunday, it was held that a tender on the following day was sufficient to save his right to the land.

The case decided by this court, of National Mutual Benefit Association v. Miller, 85 Ky., 88, does not militate against the foregoing views, but is in harmony with them. . It was held in that case that a holiday, appointed by the President of the United States, or by the Governor of this State, was not regarded a Sunday, except for purposes respecting the presentment for payment or the acceptance of bills of exchange, bank checks and promissory notes placed upon the footing of bills of exchange, and the giving of notice of the dishonor of the same. For all other purposes a holiday was a business day if persons chose to transact business on that day; and as the company's office was open on that day for the transaction of its business, it was Miller's duty to pay his premium on that day, the same being the last of the thirty days in which he was allowed by the contract to pay it.

Under the Code of Practice, the Jefferson Court of Common Pleas had jurisdiction of the case.

We deem it unnecessary to notice the other questions made in the case.

The judgment is reversed, with directions for further proceedings consistent with this opinion.