CASE 3.—ACTION BY REUBEN BROWN AGAINST THE GENEVA COOPERAGE COMPANY AND OTHERS FOR DAMAGES FOR PERSONAL INJURY.—Dec. 6.

## Geneva Cooperage Co. &c. v. Brown

Appeal from McLean Circuit Court.

T. F. BIRKHEAD, Circuit Judge.

Judgment for plaintiff. Defendants appeal. Reversed.

1. Time—Computation—Days Including First Day—Limitation of Actions—Under Ky. Stats., 1903 sec. 2516, providing that

Geneva Cooperage Co. &c. v. Brown.

an action for personal injuries shall be commenced within one year after the accrual of the cause of action, an action commenced September 19, 1904, for injuries received September 19, 1903, was barred, since, in computing the time within which the action must be commenced, the day of the injury must be included.

2. Same—Sunday—Ky. St. 1903, sec. 454, providing that if any proceeding is directed by law to take place on a particular day of the month, if the day happen to be Sunday, the proceeding shall take place on the next day, does not extend to the provisions in the statute of limitations, and hence the expiration on Sunday of the year within which actions for personal injuries must be brought did not authorize the bringings of such action on the following day.

3. Limitation of Actions—Parties—The institution of an action against a concern alleged to be a corporation, but which was in fact a partnership, was not the commencement of an action against the individual owners and operators of such concern, so as to suspend the running of limitations as to them.

JOE H. MILLER for Appellants.

SWEENEY, ELLIS & SWEENEY of Counsel.

### POINTS AND AUTHORITIES.

1. The demurrer to the petition as amended should have been sustained.

2. The accident complained of by appellee having occurred more than one year next before filing said amended petition, the same was barred by the Statute of Limitation. (Kentucky, Statutes, sec. 2516; Leatherman v. Times Co., 88 Ky., 295; Owen v. Howard Insurance Co., 87, Ky., 571; Kent's Commentaries, 142; Dictionary, Vol. 8, 6279; Stanton's Revised Stat. Vol. 2, Chap. 63, must be included.

3. In Statutory provisions of the statute of limitation if the last day to perform an act falls on Sunday, that time can not be extended to next day. (Shefer v. Magone, 47 Fed. Rep., 872; Dorsey v. Pike, 46 Hun., 112; Cooley v. Cook, 125 Mass., 406; Broome v. Wellington, 1 Sandf., 664; Edmundson v. Wragg, 104 Pa., 500; Owen v. Howard Ins. Co., 87 Ky., 571; Hammond v. American Mut. I. Co., 10 Gray, 306; Haley v. Young, 134 Mass.,

364; People v. Luther, 1 Mend., 42; Ex. parte Dodge, 7 Con., 147; Kentucky Statutes, section, 2516.)

4. Appellee Brown was within the scope of his employment, and he assumed the risk, and injury was caused by his own negligence. (Kelley v. Barber Asphalt Co., 93 Ky., 363; McCormick Harvester Co. v. Liter, 23 K. L. R., 2154; Witten v. Bell & Coggeshall Co., 27 K. L. R. 580.)

5. The master is not required to furnish an absolute safe place in which the laborer may do his work, and if the work is dangerous the master does not insure against such danger. (Wilson's Admr. v. Chess & Wymond Co., 25 K. L. R., 1655; McCormick Harvester Co. v. Liter, 23 K. L. R., 2155.)

6. The court should have peremptorily instructed the jury to have found for the defendants, for there is no evidence warranting the jury to consider the case, nor any evidence to sustain said verdict. (I. C. R. R. Co. v. Keebler, 27 K. L. R., 305; McCormick Harvester Co. v. Liter, 23 K. L. R., 2155; Wilson Adm'r v. Chess & Wymond Co., 25 K. L. R., 1655.)

G. W. HICKMAN, J. W. BOSTON AND LAWRENCE P. TANNER Attorneys for Appellee.

POINTS AND AUTHORITIES.

1. The demurrer to the petition, as amended, was properly over-ruled by the court. (Teets v. The Snider Mfg. Co., 27 Ky. Law Rep., 1061; Pike, Morgan & Co. v. Wathen, 25 Ky. Law Rep., 1264.)

2. The injury having occurred on the 19th day of September, 1903, plaintiff had until the 19th day of September, 1904, to commence his action, as the court will judicially know that the 18th day of September, 1905, was Sunday. (Owen v. Howard Ins Co., 87 Ky., 571; Hammond v. Am. Ins. Co., 10 Gray 307; Edmonson v. Wragg, 104 Penn., 501; Keits v. Temple, 48 Mo., 75; Barrett v. Allen, 10 Ohio, 426; Chicago v. Vulcan Iro Wks., 93, Ill; I. Greenleaf's Evidence, sec. 5; Wharton's Evidence, sec. 282.)

3. Appellants, and not appellee, assumed the risk of injury, when they ordered him to do the thing which resulted in his injury. (I. C. R. R. Co. v. Keeber, 27 Ky. Law Rep., 305; Ross-Paris Co. v. Brown, 28 Ky. Law Rep., 813; Lasch v. Stratton, 101 Ky., 672; Wake & Co. v. Price, 22 Ky. Law Rep., 696; I. C. R. R. Co. v. Langhan, 25 Ky. Law Rep., 500; Thompson on Negligence, secs. 4664-4676; Beach, Cont. Neg., 311-350; Wood, Master & Serv. pp. 676, 699, 837 and 843.)

4. The lower court properly submitted the questions in issue

and as to damages to the jury. (Witten, By etc. v. Bell & Coggenshall, 27 Ky. Law Rep., 580; McFarland's Adm'r v. Harbison & Walker Co., 26 Ky. Law Rep. 746.)

5. The allegations of the petition, as amended on September 19th, 1904, are to be taken as true, as to defendant Hazzard, since he failed to answer. (Civil Code, secs. 126-386; Evans v. Stone, 80 Ky., 78; L. & N. R. R. Co. v. Lawes, 21 Ky. Law Rep., 1795; Posey v. Green, 78 Ky., 165; Pomeroy, Rem. & Remedial Rights, sec. 596; Western Ins. Co. v. Ray & Co., 20 Ky. Law Rep., 1360; Mast, etc. v. Lehman, 100 Ky., 464.)

.6. The instructions of the court, and rulings of the court, were more favorable to appellants than they were entitled to under the law.

OPINION OF THE COURT BY JOHN D. CARROLL, COMMISSIONER—Reversing.

To recover damages for injuries sustained on September 19, 1903, in operating a hoop cutter, the appellee on May 12, 1904, instituted an action against the Geneva Cooperage Company, alleging that it was a corporation created under the laws of the state of Ohio. The summons that issued on the petition was executed on W. J. Hazard, the chief agent and manager of the company. On September 19, 1904, Hazard filed an affidavit, denying that the Geneva Cooperage Company was a corporation, and averring that H. B. Gregory and J. M. Gregory were partners doing business under the partnership name of the Geneva Cooperage Company, and owned and operated the factory in which Brown was injured. On the same day, September 19, 1904, the plaintiff, now appellee, filed an amended petition against H. B. Gregory and J. M. Gregory, partners under the firm name of the Geneva Cooperage Company, and W. J. Hazard. Summons on this pleading was executed on the defendants on September 19, 1904. On November 7, 1904, Hazard filed a demurrer to the original and amended petitions, and H. B. Gregory and J. M.

Gregory filed their joint answer, in one paragraph of which they averred that the injuries for which it was sought to recover damages accrued more than one year next before the filing of the amended petition and the commencement of the cause of action against them, and they relied on the statute of limitations in such cases made and provided as a bar to any recovery against them. A number of other motions were made and pleadings filed.

It being conceded that the Geneva Cooperage Company is a partnership composed of J. M. Gregory and H. B. Gregory the appellants insist that their plea of limitation presented a complete bar to any recovery by appellee, and, if this contention is sustained, it will not be necessary to notice the other alleged errors relied on for reversal. The statute applicable to this question is section 2516 of the Kentucky Statutes of 1903, which provides: "An action for an injury to the person of the plaintiff, or of his wife, child, ward, apprentice, or servant, * * * shall be commenced within one year next after the cause of action accrued, and not thereafter." This court, in Wilson v. I. C. R. Co., 92 S. W., 572, 29 Ky. Law Rep., 148, considered the identical question here involved, and held that as Wilson was injured and died on the 6th of February, 1901, and the action to recover damages was not instituted until February 6, 1902, it was barred by the statute relied on here, as more than a year had expired between the day Wilson died and the institution of the action. Under this statute, the cause of action accrued immediately upon the infliction of the injury, and the statute of limitation commenced to run on September 19, 1903, and, in computing the time within which the action must be commenced, that day must be included.

In the construction of this statute, the word "year"

means a calendar year. Ky. Stats., 1903, section 452. And a calendar year is ordinarily and in common acceptation considered to be 365 days. But if the calendar year. is computed from a given day in a month, say September 19, 1903, and the time within which the action must be brought expires in one year, it would expire on the next day before the 19th of September of the following year, namely, on the 18th of September. And it happens that in thus com puting the time in this particular case, and counting from September 19, 1903, to September 18, 1904, inclusive, the appellee had 366 days in which to institute this action. Ordinarily there would be included in this period 365 days, but as 1904 was a leap year, one day was added. So that, giving the statute the most favorable construction, and extending the meaning of "calendar year" to its extreme limit, the action is yet barred.

It will be observed that the language of this statute differs in some respects from that used in other sections of the chapter on limitation. It does not conclude that the action shall be commenced "within one year next after the cause of action accrued," but the further words "and not thereafter" are added, so as to remove any possible doubt that might exist as to the meaning and intention of the Legislature.

Nor can there be any question that, under the rule of construction adopted by this court, the day on which the injury occurred must be included. This question has been frequently before the court in the consideration of other statutory provisions, and the construction has been uniform. To illustrate: In construing section 745 of the Civil Code of Practice, which provides that "an appeal shall not be granted except within two years next after the right to appeal

has accrued," this court, in Board of Councilmen of Frankfort v. Farmers' Bank, 105 Ky., 811, 20 Ky. Law Rep., 1635, 49 S. W., 811, reviewed fully the authorities, and held that an appeal filed on January 21, 1898, from a judgment rendered on January 21, 1896, was too late—quoting with approval the language of Judge Simpson in Chiles v. Smith's Heirs, 13 B. Mon., 460, in which it was announced that "the rule in regard to the computation of time seems to be that, when the computation is to be from an act done, the day in which the act is done must be included, and hence, since there is no fraction of a day, the act relates to the first moment of the day in which it was done. But when the computation is to be from the day itself, and not from the act done, then the day in which the act was done must be excluded." Here the computation must be from an act done, namely, the injury to the person, and consequently the day on which the injury was done must be included.

It is said, however, that the 18th day of September, 1904, fell on Sunday, and as the action could not have been instituted upon that day, the person entitled to bring the suit should be allowed the whole of the next day in which to institute his action; and in support of this proposition our attention is called to Owen v. Howard Ins. Co., 87 Ky., 571, 10 Ky. Law Rep., 608, 10 S. W., 119, which was a suit upon an insurance policy providing that no action upon it could be maintained unless commenced within 12 months next after the fire occurred, and, as the last day of the year was Sunday, it was held that the action might be instituted on the following day, the court resting its conclusion upon the ground that, as the statute of limitation relied on was the result of a contract, it should be fairly and equitably construed

to effect the intention of the parties, and relieve the contract of an interpretation that would defeat its enforcement. And this seems to be the view generally taken in the construction of limitation clauses in contracts, although intervening Sundays will be counted. It is only when the day of performance falls on Sunday that it will be excluded and the next day allowed. Salter v. Burt (N. Y.) 32 Am. Dec., 530; Avery v. Stewart (Conn.) 7 Am. Dec., 240; State v. Michel (La.) 27 South., 565, 49 L. R. A., 218, 78 Am. Stat. Rep., 364. But this rule has never been extended to embrace statutory provisions limiting the time in which an action must be brought. Indeed, there seems to be no good reason why the court should take the liberty of extending the period of limitation fixed by the legislative department, when the time fixed is sufficient to give all persons interested ample opportunity to protect their rights by instituting an action; although it seems to be generally accepted that, when the period of time within which an act must be done is less than a week, an intervening Sunday will be excluded; if more than a week, the Sunday will be included. Am. & Eng. Ency. of Law, vol. 26, p. 10; State v. Michel (La.) 27 South., 565, 49 L. R. A., 218, 78 Am. Stat. Rep., 364. And that rule has been adopted by our court in respect to the time in which an application for new trial must be made. Section 342 of the Civil Code of Practice provides that it shall be made within three days after the verdict or decision is rendered; and, although Sunday is not excluded by the letter of the Code, the rule is that three days means three juridical days, and, if Sunday falls within the time, it will be excluded. Long v. Hughes, 1 Duv., 387. And so with reference to the time within which judgment shall be pronounced in cases of felony, the provision of the

Code being that "the court shall not pronounce judgment until two days after the verdict is rendered," and this has been held to mean two juridical days. O'Brien v. Commonwealth, 89 Ky. 354, 11 Ky. Law Rep., 534, 12 S. W., 471.

In other instances, Sunday is expressly excluded by statute. To illustrate, section 760 of the Civil Code of Practice provides: "No mandate shall issue nor decision become final until after thirty days excluding Sundays from the day on which the decision was rendered." And so the Constitution (section 42) declares that "the session of the Legislature shall be sixty days exclusive of Sundays:" and in section 88, that the Governor shall have 10 days in which to return a bill presented to him, Sundays excepted. But, where the statute does not in terms exclude Sundays, and the time fixed in which the act must be done is more than a week, Sunday will be included in computing the time. Brown v. Vailes (Colo.) 27 Pac., 945, 14 L. R. A., 120; Shefer v. Magone (C. C.) 47 Fed., 872; Cooley v. Cook, 125 Mass., 406; Dorsey v. Pike, 46 Hun (N. Y.) 112. For instance, the Civil Code of Practice, in section 44, provides that a summons shall be returnable to the first day of the next term of court which does not begin within 10 days from the date of the summons, and, in determining whether or not process is within the time, Sunday is always included. Ormsby v. City of Louisville, 79 Ky., 197, 2 Ky. Law Rep., 66.

Our attention has been directed to section 454 of the Statutes of 1903, providing that "if any proceeding is directed by law to take place, or any act is directed to be done, on a particular day of a month, if that day happen to be Sunday, the proceeding shall take place or act shall be done on the next day." This section is found in the chapter on the construc-

tion of statutes, but its meaning cannot be extended to embrace provisions in the statute of limitations. By its terms, it is confined to a proceeding directed by law to take place, or an act directed to be done, which must be construed to mean in the course of judicial proceedings.

After a full investigation of the authorities and a careful consideration of the question, we cannot escape the conclusion that an action under this statute must be brought within a year, and, if the last day of the year happens to fall on Sunday, the time in which it may be brought cannot be extended to the following day.

Nor was the institution of the action against the Geneva Cooperage Company as a corporation the commencement of an action against H. B. Gregory and J. M. Gregory as partners, although they owned and operated the concern generally known as the "Geneva Cooperage Company." This precise question was determined in Leatherman v. Times Co., 88 Ky., 291, 10 Ky. Law Rep., 896, 11 S. W., 12, 3 L. R. A., 324. 21 Am. Stat. Rep., 342. There Leatherman sued the Times Company as a corporation for libel. After the expiration of a year he discovered that the Times Company was not a corporation, but a private concern owned and published by Haldeman and Logan as partners, and it was held that the institution of the action against the Times Company by that name did not have the effect of bringing the individual members of the company before the court, nor of suspending the statute of limitation as to them. Nor is Teets v. Snyder Heading Mfg. Co., 120 Ky., 653, 87 S. W., 803, 27 Ky. Law Rep., 1061, in conflict with the view herein expressed, as the opinion in that case mentions and distinguishes the opinion in Leatherman v. Times Company.

It is also urged that, as Hazard did not file an answer, the judgment went against him by default, and he cannot complain of error that might authorize a reversal as to the Gregories. The amended answer, however, filed in May, 1905, recites that "the defendants H. B. Gregory, etc., by leave of court, amend their answer," so that Hazard in company with his codefendants, did interpose a defense. And all through the record appear motions made by "the defendants." We therefore conclude that, by virtue of the amended answer and motions made, Hazard's rights were as fully protected as if his name had been mentioned in each pleading and motion.

In view of the conclusion reached upon the plea of the statute of limitation, we have not deemed it necessary to investigate the other interesting questions raised by counsel.

Wherefore the judgment is reversed, with directions to enter a judgment dismissing the petition.