## Shaver v. Sparks et al.

## Crabtree v. Same.

March 24, 1939.

Clarence Bartlett, Judge.

582

NEWTON BELCHER for appellants.

T. O. JONES for appellees.

OPINION OF THE COURT BY JUDGE RATLIFF—Dismissing appeals.

These two cases arise out of the same state of facts and have been consolidated on this appeal and will be disposed of in one opinion.

The appellants and five others, viz., Huba Sparks, Nobel Whitmer, Fred Fleming, T. B. Withers and J. C. Hocker, were candidates at the November 1938 election for members of the Muhlenberg County Board of Education. The respective candidates received the following number of votes: Crabtree 1,077; Shaver 1,186; Sparks 1,528; Whitmer, 1,378; Fleming, 1,100; Withers 995 and Hocker 168.

Sparks and Whitmer having received the highest number of votes were awarded the certificate of election and qualified for the offices. There were only two members of the Board of Education to be elected.

The appellants, Crabtree and Shaver, filed their respective petitions in the Muhlenberg circuit court contesting the election on the ground that their respective petitions filed with the clerk of the county court authorizing their names to be placed upon the official ballot were the only legal petitions filed and the petitions of the other candidates were void and therefore all votes cast for their respective opponents were void, and since their petitions were the only legal ones filed, they received the only legal votes cast and should be declared elected to the offices they sought.

By subsequent pleadings the issues were made and the chancellor held and adjudged that the petitions of each and all of the candidates, filed with the clerk, were valid and adjudged Sparks and Whitmer elected, and to that judgment appellants excepted and prayed an appeal to this court, which was granted.

At the outset, the appellees have entered motion to dismiss the appeal because the record was not filed with the clerk of this court within thirty days from the rendition of the judgment in the lower court as required by section 1596a-12 of the Kentucky Statutes.

The judgment in the court below was entered on the 28th day of January 1939, and the record was received by the clerk of this court on Sunday, February

26, 1939. We find on the record this notation by the clerk: "(Received on Sunday Feb. 26th)", and marked filed "February 27th, 1939".

Appellants concede that the thirtieth day from the entry of the judgment in the court below expired on February 26th, but they insist that inasmuch as the clerk received the record within the thirty day limit the appeal should be treated as having been brought within the statutory time, notwithstanding the record was received by the clerk on Sunday. Hence, the question is, Could the record be legally filed on Sunday? This is no new question for this court. In Lowry, et al. v. Stotts et al., 138 Ky. 251, 127 S. W. 789, the question involved was whether or not a petition contesting an election was filed within the statutory time, which was, under the statute at that time, ten days after the final action of the election commission. The election was held on November 5th, and on November 14th, which was on Sunday, the contestant filed with the circuit clerk his petition contesting the election. It was held that the petition came too late although it was filed with the clerk within ten days but that it could not be lawfully filed on Sunday, and for that reason the petition was dismissed. In that opinion it is said:

"But November 14th being Sunday, it is insisted that the time did not expire then, and that the plaintiff had the following day also. The general rule is that if the time within which an act may be done exceeds a week, Sunday is included, but, if it is less than a week, Sunday is not included."

Citing Geneva Cooperage Co. v. Brown, 124 Ky. 16, 98 S. W. 279, 30 Ky Law Rep. 272, 124 Am. St. Rep. 388.

And it is further said in that opinion:

"The plaintiff is no more entitled to 11 days for filing his suit when Sunday is the last day than he would be if Sunday had been next to the last day. In either case two Sundays would have intervened, and on neither of these days could he have lawfully filed his suit."

The same question was made in Geneva Cooperage Co. v. Brown, supra, and we there held that the fact that Sunday was the last day did not under section 454 of the Kentucky Statutes extend the time for filing the suit.

Other authorities might be cited but the cases supra are conclusive of this question. It follows that appellants did not bring their appeals within the time required by the statute and they must be and are dismissed.