## Preston v. Preston.

Feb. 17, 1942.

Wheeler & Wheeler for appellant.

W. J. Ward and Grover C. Allen for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSION-ER—Reversing.

The cause of action was for damages growing out of injuries allegedly sustained by appellee as a result of being struck in the face by a shoe at the hands of appellant on the 4th day of October, 1937. The petition was filed on the 4th day of October, 1938.

Section 2516, Kentucky Statutes, provides that an action for personal injuries shall be commenced within one year next after the cause of action accrues. When the computation of time is to be made from the act, the day on which the act was done must be included in the count, but, when the computation is made from the day itself, it must be excluded from the computation. Salisbury v. Commonwealth, 254 Ky. 77, 70 S. W. (2d) 987, and cases therein cited. In other words, if the basis of the action has been so completely consummated on the day of its commission or omission as to afford a right of action on that day, the day of its commission or omission must be included in the count; whereas, it may not be included in the count if the passing of the full day is a prerequisite to the determination that the cause of action has accrued.

Immediately after appellant struck appellee her right of action accrued, wherefore, she did not have to wait until the following day to bring suit. That being true, her right to maintain the action under Section 2516 tolled on the 3rd day of October, 1938. Since the suit was not filed until the following day, defendant's plea of limitations should have been sustained, and the court erred in failing so to do.

Wherefore the judgment is reversed with directions to dismiss the petition.