## SANDLICK COAL CO. et al. v. HUGHES.

Court of Appeals of Kentucky.
May 4, 1951.

Mahan, Davis & Mahan and Armer H. Mahan, all of Louisville, P. H. Hyden, Pikeville, for appellants.

Napier & Napier, Hazard, for appellee.

CLAY, Commissioner.

In this Workmen's Compensation case the only issue raised by the appellant employer is whether or not the lower Court had jurisdiction of the appeal from the Workmen's Compensation Board, because it was not filed within 20 days after the rendition of the Board's order. Appellee cross-appeals and asks us to consider a former judgment involving the same controversy.

In April 1948 the Workmen's Compensation Board made an award. The following May appellee moved to re-open the case, which was overruled. Thereafter on appeal to the Letcher Circuit Court, in January 1949, a judgment was entered dismissing the petition for review.

Without appealing from that judgment, appellee renewed his motion to re-open before the Board. On August 16, 1949 the Board overruled the motion. On September 6 appellee filed his petition to review this last order in the Circuit Court. Appellant generally demurred to the petition. The Circuit Court (apparently without passing on the demurrer) sustained the petition for review and remanded the case to the Board with directions to re-open it.

KRS 342.285 gives a party twenty days within which to appeal from an order of the Board. We have consistently held that the Circuit Court does not acquire jurisdiction to entertain such an appeal not taken within the prescribed time. Department of Highways v. Matney, 290 Ky. 440, 161 S.W.2d 617, and cases cited therein.

Appellee points out that the twentieth day fell on Sunday, September 4, 1949, and that the following day was Labor Day. He argues that he was entitled to a full twenty days within which to file his appeal, and since he could not do so on the twentieth or twenty-first day because they were a Sunday and a holiday respectively, he should be allowed twenty-two days. This question has been decided adversely to appellee in Shaver v. Sparks, 277 Ky. 581, 126 S.W.2d 1110, and the cases cited therein.

Appellee insists KRS 446.030(2) is applicable. It provides: "If any proceeding is directed by law to take place, or any act is directed to be done, on a particular day of a month and that day is Sunday, the proceeding shall take place, or the act

260

shall be ·done, on the next day that is not a legal holiday."

This statute would not affect the appeal time limit because no proceeding or act was directed to take place or be done on a particular day.

Appellee attempts to cross-appeal from a former judgment of the Letcher Circuit Court, which of course we cannot consider on this record.

We conclude the lower Court erroneously entertained the petition for review.

The judgment is reversed.