## FANNIN v. LEWIS.

Court of Appeals of Kentucky.
Nov. 21, 1952.

Rehearing Denied Feb. 20, 1953.

A. W. Mann, W. B. Arthur, Ashland, for appellant.

Virgil H. Redwine, Sandy Hook, H. Rupert Wilhoit, Grayson, for appellee.

DUNCAN, Justice.

For personal injuries received in an automobile accident while riding as a passenger in appellant's car, appellee recovered a judgment for $5,000. A companion case, involving a judgment in favor of another passenger who received injuries in the same accident, was affirmed by this court in Fannin v. Lewis, Ky., 243 S.W.2d 60. The accident occurred on June 13, 1948, and suit was filed in the court below on June 13, 1949. Among other defenses, appellant relied upon the one-year statute of limitations as a bar to recovery. The conclusions which we have reached make it necessary to discuss only one of the grounds urged for reversal.

The courts of this state are firmly committed to the rule that when the computation of time is to be made from a particular day, that day is to be excluded, but when time is computed from an act done, the day on which the act occurs is to be included in the computation. KRS 413.140 provides that actions for injuries to the person of the plaintiff shall be commenced within one year after the cause of action accrued. Computation is made from the event of the accrual of the cause of action, rather than from the day upon which it accrued. Without a single exception since Chiles v. Smith's Heirs, 52 Ky. 460, 13 B.Mon. 460, decided in 1852, this court has applied this rule of computation in construing statutes of limitation. Chiles v. Smith's Heirs, supra; Lebus v. Wayne-Ratterman Co., 14 Ky.Law Rep. 794, 21 S. W. 652; Zeman v. Steinburg, 21 Ky.Law Rep. 586, 52 S.W. 821; Zeman v. Steinburg, 21 Ky.Law Rep. 1152, 54 S.W. 178; Geneva Cooperage Co. v. Brown, 124 Ky. 16, 98 S.W. 279; Preston v. Preston, 289 Ky. 552, 159 S.W.2d 414; Charles v. Big Jim Coal Co., 314 Ky. 778, 237 S.W.2d 68.

Appellee insists that the computation rule in Kentucky represents the minority view, is unsound and ought to be overruled. However, as pointed out in Pinson v. Bentley, 293 Ky. 490, 169 S.W.2d 305, the rule has become so firmly embodied in our jurisprudence as a guide for interpreting statutory and code provisions prescribing time limitations that the Legislature, rather than this court, should be called upon to change it.

Appellee points out that this accident occurred on Sunday, June 13, 1948; that June 12, 1949, was a Sunday; and it is contended that one or the other of the Sundays should be excluded in the computation. The rule is also firmly established in this state that in the computation of time, if the time within which an act may be done exceeds a week, Sundays are to be included, but if less than a week, Sundays are excluded. Geneva Cooperage Co. v. Brown, supra; Lowry v. Stotts, 138 Ky.

251, 127 S.W. 789; Shaver v. Sparks, 277 Ky. 581, 126 S.W.2d 1110.

Finally, it is insisted that the facts in this case bring appellee within the provisions of KRS 413.260(1), which provides:

"If the doing of an act necessary to save any right or benefit is restrained or suspended by injunction or other lawful restraint, vacancy in office, absence of an officer or his refusal to act, the time covered by the injunction, restraint, vacancy, absence or refusal to act shall not be counted in the application of any statute of limitations."

The county attorney of Elliott County, who is one of the attorneys for appellee, testified that on June 9, 10 and 11 he went to the office of the circuit clerk for the purpose of filing this suit but found the office vacant on each occasion. It is insisted that these days should not be counted in the application of the statute of limitations.

The record discloses that the circuit clerk had recently married a resident of Ohio and from May 30 through the month of June, 1949, was staying with her husband in that state. However, before her departure, the clerk appointed two deputy clerks, Edna Farley and Viola Brown. Miss Farley testified that she worked in the office of the circuit clerk every weekday until she relinquished her job on June 25. She states that she arrived at the office each morning at from 9:00 to 9:30 and usually remained until 3:00 to 3:30 p. m. and that on two afternoons she left the county for the purpose of going to an adjoining county seat. The attorney for plaintiff had his office in the courthouse and on the occasions when she was leaving early, Miss Farley would inform the attorney of this fact before she left. This is not denied and it is admitted that Miss Farley lived about two miles from the county seat and that the place of her residence was known to the attorney.

The other deputy, Viola Brown, a sister of Miss Farley, who resided in the home with her, did not stay in the office of the clerk but on the two afternoons when Miss Farley was out of the county, the keys to the office were left with Mrs. Brown.

The court submitted to the jury by instruction No. 4 the question of whether or not the attorney for appellee was prevented from filing the suit on account of the absence of the clerk or her deputy from the office. The verdict for plaintiff necessarily involved a finding that the attorney was so prevented.

We do not think the words "restrained or suspended", as used in the statute, should be given the broad meaning which was ascribed to them in this case. Statutes of limitation are denominated as statutes of repose and rest upon a sound public policy tending to the peace and welfare of society. Foster v. Jordan, 130 Ky. 445, 113 S.W. 490. Their provisions should not be lightly evaded. We do not think the facts shown in this case amount to a restraint or suspension of appellee's right to file this suit within the statutory period.

The lower court should have sustained appellant's plea of limitations and dismissed the petition.

The judgment is reversed for proceedings consistent with this opinion.