SUMMERS, JR., PLAINTIFF, *v.* TANNER, ADMR., DEFENDANT.

Common Pleas Court, Madison County.

No. 20769.   Decided July 30, 1958.

*Messrs. Folkerth, Folkerth & Webster, Mr. Norton R. Webster* of counsel, for plaintiff.
*Messrs. Hamilton & Kramer,* and *Mr. Charles M. Myers, Jr.,* and *Earl L. Hamilton* of counsel, for defendant.

BAYNES, J.   Defendant demurs to the petition on the ground that it appears on its face that the action was not brought within the time limited for commencement of the action.

The facts are: Plaintiff was a passenger in a motor vehicle operated by defendant's decedent on 31 March 1956, at which time the automobile left the road causing plaintiff injury, which occurred in the State of Kentucky. Defendant was appointed Administrator in Madison County, Ohio of decedent's estate 10 March 1958. Plaintiff filed his petition the same day and service of summons made on 11 March 1958.

Defendant's memorandum states as a matter of judicial notice that decedent's estate is being administered under case number 13,018, Probate Court of Madison County, Ohio, wherein it appears that Arnold Meadows died on 1 April 1956.

We assume for the purposes of this decision, and it is not basic to the respective contention of counsel, that the law of Kentucky with respect to the statute of limitations controls. Except that plaintiff contends that the Ohio borrowing statute, Section 2305.20, Revised Code, does not, under the facts of this case, limit the filing of the cause to a lesser number of years than two, which would be the time limitation under Ohio law.

The Kentucky statutes applicable are as follows:

"The following actions shall be commenced within one year after the cause of action has accrued;

"(a) an action for injuries to the person of the plaintiff. . . ."

Section 413.140 Kentucky Revised Statutes (formerly section 2516).

"3. If a person against whom an action mentioned in Kentucky Revised Statutes 413.090 to 413.160 may be brought dies before the expiration of the time limited for its commencement and the cause of action survives, an action may be commenced against his personal representative, devisees or heirs, or all after the expiration of that time and within one year after the qualification of his personal representative. If there is no personal representative, the action may be brought against his heirs or devisees, or both, after the expiration of the time limited for bringing it, and within two years after his death."

Section 413.180 Kentucky Revised Statutes (formerly section 2528).

It would seem that there would be a reported case, which would clearly enunciate the law under the facts of this case. Defendant's counsel argues only from what he considers to be

analogous cases, relying in the first instance on *Johnson* v. *Equitable Life Assurance Society* (1910), 137 Ky., 437, 125 S. W., 1074, quoting at length from pp. 1081-1082 of the S. W. Reporter. While it is true, as plaintiff observes, that defendant's quotation was dictum, it appears to us that defendant stopped too soon.

In the *Johnson case* a five year statute was involved. However an administrator was appointed about two years after the cause of action accrued. Suit was not filed until three and a half years later or a total of five and one half years after the cause of action accrued. The insurance company sought to add six months under favor of then Section 3847, which provided that an executor or administrator could not be sued the first six months following his qualification. The basis of this legislation is discussed in the *Johnson case* at p. 1081 of the S. W. Reporter.

The Court in the *John case*, p. 1082 of the S. W. Reporter analyzed the effect of Sections 2515 (now 413.120), 2528 (now 413.180), and 3847 as follows:

". . . Considering sections 2515, 2528, and 3847 together, we conclude that in all causes of action falling under section 2515, where the right of action accrues during the life of the debtor and the debtor dies and an administrator is appointed for his estate more than one year before the expiration of the time limit within which an action might be brought, section 2528 has no application and does not stop the running of the statute during the first six months after the administrator is appointed, for the evident reason that, as the creditor still has at least six months in which to sue before the expiration of the time limit, the necessity for the passage of any remedial statute or enabling act was wanting. On the other hand, if the debtor dies, and administration is granted on his estate less than one year before the expiration of the time limit within which the suit must be brought, section 2528 applies, provided the suit is commenced within one year after administration is granted. Where no administration is granted, section 2528 applies in all cases where the death of the debtor occurs less than two years before the expiration of the time limit, provided suit is commenced within two years from the death of the

debtor. And section 2528 does not apply in any state of case where death of the debtor occurs more than two years before the expiration of the time limit.''

Our case is not precisely covered, by any of the foregoing examples, which is: Cause of action arose 31 March 1956, debtor died one day later, on 1 April 1956, Administrator appointed 10 March 1958 and suit filed 10 March 1958, both dates within two years after cause of action arose and debtor's death.

There is no analysis by the Court of our situation where the administrator is appointed more than one but less than two years after the cause of action arose and suit is filed within two years. But according to the court's analysis, next to last sentence from the opinion, above quoted, a suit would be within time, if filed within two years of debtor's death, whether it was against an administrator appointed between one and two years of debtor's death or brought against debtor's heirs or devisees.

We do not consider in point the cases cited and the analogy attempted to be drawn by defendant, based on paragraph 1 of Section 413.180 Kentucky Revised Statutes, which provides that the personal representative of a deceased person having a cause of action must qualify before the expiration of the original limitation period in order to obtain the benefit of the extending statute.

We find that the action is brought within any possible construction of Section 413.180 (3) of the Kentucky Revised Statutes in that:

The decedent against whom the action lies dies within plaintiff's one year statute of limitation; that the action survives against his personal representative within one year after his appointment and within two years after the cause of action arose. That the two years, under the facts of this case, is, in effect, the same limitations, provided by Ohio law (Section 2305.10, Revised Code), being two years after the cause of action arose.

We are aware that the Kentucky courts consider statutes of limitation as statutes of repose resting on sound public policy tending to peace and welfare of society and are not to be lightly evaded; *Fannin* v. *Lewis* (1952), Ky. , 254 S. W. (2d), 479, 481, citing *Foster* v. *Jordan*, 130 Ky., 445, 113 S. W. 490.

On the other hand it appears that the Kentucky decisions are not uniform or consistent in their attempts to determine whether in certain cases the extender statutes apply and the extent to which they are determined to apply; see 104 A. L. R., 901-903.

We are of the opinion that the demurrer is not well taken and ought to be overruled. Plaintiff's counsel is directed to prepare an entry accordingly, submitting same to opposing counsel and the court according to rule, giving defendant leave to plead on or before 30 August 1958, noting his exceptions.