**BRIDGEFIELD CASUALTY INSURANCE COMPANY, INC., Appellant**

v.

**YAMAHA MOTOR MANUFACTURING CORPORATION OF AMERICA, Appellee.**

No. 2011–CA–000684–MR.

Court of Appeals of Kentucky.

Oct. 26, 2012.

Forrest Brock, A.C. Donahue, Somerset, KY, for appellant.

Kara M. Stewart, Linsey W. West, Lexington, KY, for appellee.

Before LAMBERT, THOMPSON, and VANMETER, Judges.

## OPINION

VANMETER, Judge:

Bridgefield Casualty Insurance Company, Inc. ("Bridgefield") appeals from the Knox Circuit Court's order granting summary judgment in favor of Yamaha Motor Manufacturing Corporation of America ("Yamaha"). For the following reasons, we affirm.

Bridgefield is the workers' compensation insurer for Myers Chevrolet–Oldsmobile–Cadillac, Inc. ("Myers"), a car dealership in Barbourville, Kentucky. On April 28, 2006, Myers' employee, William Helton, was injured on the job while riding as a passenger in a Yamaha 660 Rhino. As a result of the incident, Bridgefield paid workers' compensation benefits to Helton.

On August 20, 2008, Bridgefield filed the underlying action against Yamaha, seeking statutory and common law subrogation based on product liability theories of negligent design, negligent manufacturing, and breach of express and implied warranties arising from Yamaha's distribution of the allegedly defective Rhino. Yamaha filed a motion for summary judgment, arguing that Bridgefield's product defect claims were barred by the one-year statute of limitations provided for in KRS[1] 413.140 and Bridgefield's breach of warranty claims must fail for lack of privity of contract. Bridgefield did not respond to Yamaha's motion. The trial court entered an order on August 17, 2010 granting Yamaha's motion for summary judgment on the basis that Bridgefield's claims were barred by the statute of limitations under KRS 413.140. The court's order did not address Bridgefield's breach of warranty claims.

On August 25, 2010, Bridgefield filed a motion to alter, amend or vacate the court's summary judgment order and filed a memorandum in support of the motion on December 7, 2010. In response, Yamaha argued that the trial court lacked jurisdiction to consider the motion because the supporting memorandum was filed beyond the ten-day period set forth in CR[2] 59.05. Yamaha further opposed the motion on its merits. By order entered March 15, 2011, the trial court summarily denied Bridgefield's motion to alter, amend or vacate. This appeal followed.

■ As an initial matter, we note that the August 17, 2010, order granting Yamaha's motion for summary judgment was not a final and appealable order. Multiple claims were before the trial court on Yamaha's motion for summary judgment. A fair reading of the court's August 17, 2010, order reveals that the court did not rule on all of the claims before it. The court addressed Bridgefield's product liability claims but failed to rule on its breach of warranty claims. Furthermore, the order did not recite finality language as required by CR 54.02. Thus, Yamaha's argument with respect to the court's jurisdiction to address Bridgefield's motion to alter, amend or vacate the August 17, 2010, order is immaterial.[3] Nonetheless, the

---

1. Kentucky Revised Statutes.

2. Kentucky Rules of Civil Procedure.

3. We note that this issue has recently been addressed in *Matthews v. Viking Energy Holdings, LLC,* 341 S.W.3d 594 (Ky.App.2011).

court's March 15, 2011, order clearly disposes of all issues before it and a notice of appeal from that order was timely filed.[4]

Reaching the merits of Bridgefield's arguments, Bridgefield first asserts that the trial court erred by granting Yamaha's motion for summary judgment on statute of limitations grounds. We disagree.

■ Bridgefield's rights, as subrogee to Helton, are strictly derivative of any claims Helton may pursue against Yamaha. *Zurich Am. Ins. Co. v. Haile*, 882 S.W.2d 681, 685 (Ky.1994). As a result, Bridgefield's subrogation action is subject to the same statute of limitations as a direct action by Helton against Yamaha. *Am. Premier Ins. Co. v. McBride*, 159 S.W.3d 342, 351 (Ky.App.2004). *See also Waters v. Transit Auth. of River City*, 799 S.W.2d 56, 58 (Ky.App.1990).

A direct action by Helton must have been filed within one year after the cause of action accrued, the date of Helton's injury on April 28, 2006. KRS 413.140(1)(a). *See also Preston v. Preston*, 289 Ky. 552, 553, 159 S.W.2d 414 (1942) (personal injury action accrues on date of injury). In *Manies v. Croan*, 977 S.W.2d 22, 23–24 (Ky.App.1998), this court held that the one-year limitations period set forth in KRS 413.140 governs personal injury actions arising from use of an all-terrain vehicle ("ATV"). Because Bridgefield failed to file its subrogation claim against Yamaha within one year of Helton's date of injury, the trial court correctly held that its claims were barred by the statute of limitations.

■ In the alternative, Bridgefield argues that if the one-year statute of limitations applies, its claims were timely filed by operation of the discovery rule and the doctrine of equitable estoppel. We disagree.

■ The discovery rule allows for an action to accrue when the plaintiff discovers (or in the exercise of reasonable diligence should have discovered) the injury. *Fluke Corp. v. LeMaster*, 306 S.W.3d 55, 60 (Ky.2010). Additionally, a defendant may be equitably estopped from relying on the statute of limitations as a defense. *Id.* at 62. In Kentucky, "equitable estoppel requires both a material misrepresentation by one party and reliance by the other party[.]" *Id.* In *Fluke*, the Kentucky Supreme Court made clear that

> delaying the accrual of the cause of action or tolling the running of the statute of limitations by operation of the discovery rule or the equitable estoppel doctrine is reserved for truly exceptional circumstances, such as where the injury itself is not immediately discoverable or the product's potential role in causing an accident is actively obscured by the defendant's concealment or false representations.

*Id.* at 67. The Court in *Fluke* held that "the discovery rule is available only in cases where the fact of injury or offending instrumentality is not immediately evident or discoverable with the exercise of reasonable diligence, such as in cases of medical malpractice or latent injuries or illnesses." *Id.* at 60 (footnote omitted).

---

4. Yamaha also argues that Bridgefield's appellate brief does not contain a single citation to the record, in contravention of CR 76.12(4)(c)(v), and therefore should be stricken; however, since the record in this case is not voluminous, we will proceed to addressing the merits. *See Hallis v. Hallis*, 328 S.W.3d 694, 696 (Ky.App.2010) (citation omitted) (if an appellate brief fails to follow procedural rules, this court has three options: "(1) to ignore the deficiency and proceed with the review; (2) to strike the brief or its offending portions, CR 76.12(8)(a); or (3) to review the issues raised in the brief for manifest injustice only[.]").

In the present case, Helton's injuries and the Rhino's potential role in causing the accident were immediately evident from the accident itself. Under Kentucky law, Bridgefield had a duty to exercise reasonable diligence to discover its cause of action within the time prescribed by the statute of limitations. Its failure to do so does not lend to application of the discovery rule or the equitable estoppel doctrine to toll the statute of limitations in this instance. Therefore, Bridgefield's product liability claims remain barred by the one-year statute of limitations.

■ Lastly, Bridgefield claims that the trial court erred by dismissing its breach of warranty claims against Yamaha. We disagree.

■ A claim of breach of warranty under Kentucky's Uniform Commercial Code ("U.C.C."), codified in KRS Chapter 355, is only viable when privity of contract exists between the commercial seller and the injured party or if the injured party is one of the persons described in KRS 355.2–318.[5] *Williams v. Fulmer*, 695 S.W.2d 411, 413–14 (Ky.1985). In other words, in order to proceed on a breach of warranty claim, a plaintiff alleging injury from a product must establish a "buyer-seller relationship." *Compex Int'l Co. Ltd. v. Taylor*, 209 S.W.3d 462, 465 (Ky.2006). In the case at bar, no "buyer-seller relationship" exists between Helton and Yamaha. The Dealer Agreement reflects that Yamaha Motor Corporation USA, not Appellee Yamaha, sold the Rhino at issue to Tri–County Cycle Sales, Inc., not Myers or Helton. Because Yamaha is not a seller and Helton is not a buyer, Bridgefield as subrogee to Helton lacked the requisite privity of contract with Yamaha and was not otherwise entitled to bring such a claim under Kentucky's version of the U.C.C.

The Knox Circuit Court's order is affirmed.

ALL CONCUR.

**B.M.H., Appellant**

v.

---

**5.** KRS 355.2–318 extends privity of contract to persons in the family or household of the buyer or who is a guest in his home if it is reasonable to expect that such person may use, consume or be affected by the goods and who is injured in person by breach of the warranty.