RENDERED:  MAY 10, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0920-MR

NANCY IDDINGS                                                    APPELLANT

v.      APPEAL FROM BOYD CIRCUIT COURT
        HONORABLE GEORGE DAVIS, JUDGE
        ACTION NO. 23-CI-00370

A CLASSIC TOUCH                                                  APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; A. JONES AND LAMBERT, JUDGES.

JONES, A., JUDGE:  The instant appeal involves a *pro se* complaint Nancy

Iddings filed in Boyd Circuit Court on May 25, 2023.  Her complaint asserted

negligence claims against appellee, A Classic Touch.  Rather than answering, A

Classic Touch moved pursuant to CR[1] 12.02 to dismiss those claims on limitations grounds. The circuit court granted A Classic Touch's motion on June 23, 2023, and Iddings now argues the circuit court erred in doing so. Upon review, we affirm.

## BACKGROUND

In her complaint, Iddings alleged in relevant part as follows:

1. The Plaintiff, Nancy Iddings, is and at all times complained of herein was a resident of the Commonwealth of Kentucky and at the time of this incident she resided in Boyd County.

2. Nancy Iddings states that A Classic Touch is a beauty shop that is doing business in Boyd County KY and is located at 6540 Midland Trail Rd., Ashland KY 41102, the owner is Tonya Cordle, and Amber Johnson is a beautician of Classic Touch at all times complained herein and her address will be the same.

3. The Plaintiff states that on May 22, 2022 that she was a business client of said beauty parlor, and that she had a hair appointment with Amber Johnson of Classic Touch, who was acting on behalf of the business and proprietary interest of the owner of Classic Touch, and in doing so Amber Johnson was negligent in the washing of the Plaintiff's hair when she hyper extended Plaintiff's neck into the washbasin, which caused a dissection of the right carotid artery.

4. The Plaintiff states that she did not learn of the cause until May 25, 2022 when she looked at her medical records and the neurosurgeon said dissection was most

---

[1] Kentucky Rule of Civil Procedure.

likely related to having her hair done earlier in the day, with hyper extension of the neck into the wash basin.

A Classic Touch responded by moving to dismiss based on KRS[2] 413.140(1)(a), which requires actions "for an injury to the person of the plaintiff" – such as the negligence actions set forth in Iddings' complaint – to be commenced "within one (1) year after the cause of action accrued[.]" Citing the "occurrence rule" for ascertaining when an action accrues, A Classic Touch correctly noted that a cause of action generally accrues, and the period of limitation generally begins to run, where negligence and damages have both occurred. *See Victory Community Bank v. Socol*, 524 S.W.3d 24, 28 (Ky. App. 2017). Here, Iddings alleged A Classic Touch had negligently caused her to sustain a hyperextension of her neck and dissection of her right carotid artery on May 22, 2022. Accordingly, A Classic Touch argued, Iddings' negligence actions against it had accrued on that date; and Iddings' complaint that asserted those actions, which she filed on May 25, 2023, was untimely by a margin of three days and thus barred by the statute.

Iddings thereafter filed a one-sentence, *pro se* reply to A Classic Touch's motion, asking the circuit court to deny it because, in her words, "the original complaint contained a clerical error and the date the Plaintiff became

---

[2] Kentucky Revised Statute.

-3-

aware of *the extent of* the injury was May 26, 2022 and not May 22, 2022."
(Emphasis added.)

On June 23, 2023, the circuit court granted A Classic Touch's motion and dismissed Iddings' claims.

Iddings subsequently filed a two-sentence, *pro se* CR 59.05 motion, asserting in relevant part that "she became aware of *this permanent* injury on May 26, 2022[.]" (Emphasis added.)  In support of her motion, and attached to it as an exhibit, Iddings presented what purported to be a May 25, 2022 note from King's Daughters Hospital regarding treatment Iddings received that day after presenting with "severe vertigo with nausea and vomiting."  According to the note, she was diagnosed with "internal carotid artery dissection . . . that was most likely related to having her hair done earlier in the day with hyperextension of the neck into the wash basin."  Shortly afterward, with the assistance of newly hired counsel, Iddings then filed a supplement to her motion.  There, invoking the "discovery rule" and citing Paragraph 4 of her complaint, she claimed the statute of limitations could not have started on her negligence claims until May 25, 2022, because "the event in question occurred on May 22, 2022 but she did not learn of the cause until May 25, 2022."

On July 10, 2023, the circuit court overruled Iddings' request for CR 59.05 relief.  This appeal followed.

## STANDARD OF REVIEW

It is well settled in this jurisdiction when considering a motion to dismiss under this rule [Kentucky Rules of Civil Procedure (CR)12.02] that the pleadings should be liberally construed in a light most favorable to the plaintiff and all allegations taken in the complaint to be true. *Gall v. Scroggy*, 725 S.W.2d 867, 869 (Ky. App. 1987)[,] *citing Ewell v. Central City*, 340 S.W.2d 479 (Ky. 1960).

> The court should not grant the motion unless it appears the pleading party would not be entitled to relief under any set of facts which could be proved in support of his claim. In making this decision, the circuit court is not required to make any factual determination; rather, the question is purely a matter of law. Stated another way, the court must ask if the facts alleged in the complaint can be proved, would the plaintiff be entitled to relief?

*James v. Wilson*, 95 S.W.3d 875, 883-84 (Ky. App. 2002) (citations omitted).

*Mims v. Western-Southern Agency, Inc.*, 226 S.W.3d 833, 835 (Ky. App. 2007).

The issue to be reviewed "is subject to *de novo* review by this Court." *Revenue Cabinet v. Hubbard*, 37 S.W.3d 717, 719 (Ky. 2000).

## ANALYSIS

Liberally construing Iddings' complaint and taking its allegations to be true leads to only one conclusion: The negligent act and Iddings' resulting injury both *occurred* on May 22, 2022. Thus, under the general "occurrence rule"

discussed previously, Iddings' claim accrued on that date, and her May 25, 2023 complaint asserting those claims was indeed untimely. *See Socol*, 524 S.W.3d at 28.

With that said, the focus of Iddings' appeal is not upon the "occurrence rule," but upon one of its exceptions, *i.e.*, the "discovery rule." "The discovery rule presumes that a cause of action has accrued, *i.e.*, both negligence and damages has occurred, but that it has accrued in circumstances where the cause of action is not reasonably discoverable[.]" *Wolfe v. Kimmel*, 681 S.W.3d 7, 13 (Ky. 2023) (internal quotation marks and citation omitted). Under that rule, "The . . . limitation period begins to run when the cause of action was discovered or, in the exercise of reasonable diligence, should have been discovered." *Socol*, 524 S.W.3d at 28. Relying upon this exception, Iddings argues that because she did not realize until May 25, 2022, that the hyperextension of her neck on May 22, 2022, had caused a dissection of her right carotid artery, her negligence actions against A Classic Touch did not accrue until May 25, 2022.

Based on the substance of her brief and the various filings she made below, Iddings' argument could be taken either of two ways: (1) she recognized on May 22, 2022, that she at least sustained a slight or nominal injury (*i.e.*, the hyperextension of her neck), but she believes the discovery rule tolled the limitations period applicable to her personal injury claims until she became fully

-6-

apprised of the *extent* of her injury (*i.e.*, that she also sustained an associated dissection of her right carotid artery); or (2) she believes the discovery rule tolled the applicable limitations period until May 25, 2023, because, until that date, she was wholly unaware that A Classic Touch had caused her to sustain *any* injury.

Either way, her argument lacks merit. Even if the discovery rule applied to the type of claims Iddings asserted in this matter, her purported lack of knowledge regarding the *extent* of her injuries would not have implicated the rule and tolled the statute of limitations. *See Louisville Trust Co. v. Johns-Manville Prods. Co.*, 580 S.W.2d 497, 501 (Ky. 1979) ("Plaintiff's lack of knowledge of the extent of his injury does not toll a statute of limitations to which the discovery rule is applied.").

More to the point, Iddings presents no authority – and we have found none – supporting that the discovery rule applies to the type of claims Iddings asserted in this matter. Although KRS 413.140(2), (3), and (6) extend the discovery rule to certain medical malpractice or other claims, those sections do not extend the discovery rule to personal injury actions contemplated in KRS 413.140(1)(a) such as the ones now before us involving nonprofessional[3]

---

[3] Although not raised by the parties, we note that KRS 413.245 statutorily extends the discovery rule to any "civil action, whether brought in tort or contract, arising out of any act or omission in rendering, or failing to render, professional services[.]" And, to be sure, KRS 413.243 expansively defines "professional services" as "any service rendered in a profession required to be licensed, administered and regulated as professions in the Commonwealth of Kentucky, except those professions governed by KRS 413.140." Despite this rather expansive definition,

negligence.  The discovery rule has also only been judicially extended to personal injury claims stemming from nonprofessional negligence which – unlike Iddings' claims – involve a defendant's active concealment of its potential role in causing the plaintiff's injuries, or latent injuries arising from exposure to harmful substances.  *See, e.g.*, *Bridgefield Cas. Ins. Co., Inc. v. Yamaha Motor Mfg. Corp. of America*, 385 S.W.3d 430, 433 (Ky. App. 2012); *Louisville Trust Co.*, 580 S.W.2d at 501.  "The courts in this Commonwealth have been reluctant to extend the discovery rule and have applied it narrowly. . . [w]e will follow established precedent and not make new policy."  *Roman Catholic Diocese of Covington v. Secter*, 966 S.W.2d 286, 289-90 (Ky. App. 1998) (citations omitted).  Accordingly, we will not make new policy by applying that rule here.

## CONCLUSION

Considering the foregoing, we affirm.

ALL CONCUR.

| BRIEF FOR APPELLANT: | BRIEF FOR APPELLEE: |
|---|---|
| Jeffrey D. Hensley<br>Russell, Kentucky | Bradley C. Hooks<br>Erin C.S. Izzo<br>Addison S. Thompson<br>Lexington, Kentucky |

---

*beauticians* are not contemplated in that statute of limitations.  *See Plaza Bottle Shop, Inc., v. Al Torstrick Ins. Agency, Inc.*, 712 S.W.2d 349, 351 (Ky. App. 1986) ("The appellee's assertion that a broad interpretation be given this statute to include all who are licensed would result in the inclusion of embalmers, realtors and beauticians, a result we believe unreasonable, absurd and clearly not reflective of the intent of our legislators.").